IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVERGLADES INTERACTIVE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-902-SLR |
| | ) |
| PLAYDOM, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

At Wilmington this 8️th day of June, 2011, having reviewed the motion to transfer

filed by defendants Playfish Ltd. ("Playfish UK"), Playfish Inc. ("Playfish US"), Electronic

Arts, Inc. ("EA"), Zynga Game Network, Inc. ("Zynga"), RockYou Inc. ("RockYou"),

Crowdstar Inc. ("Crowdstar"), Crowdstar International Limited ("Crowdstar Ireland"), and

Lolapps, Inc. ("Lolapps") and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 42) is denied, for the reasons that follow:

1. **Background.** On October 21, 2010, plaintiff Everglades Interactive, LLC

("plaintiff") filed this suit against defendants, alleging infringement of U.S. Patent No.

6,656,050 ("the '050 patent").[1]  (D.I. 1 at 3)  The dispute between the parties arises

from certain video games produced by each of the defendants.  (D.I. 43 at 3)

2. On February 1, 2011, defendants moved to transfer the instant action to the

Northern District of California.  (D.I. 42 at 1)  Defendants assert that transfer is

---

[1]Plaintiff's complaint originally included Playdom, Inc. ("Playdom") and The Walt
Disney Company ("Disney") as defendants, but plaintiff has since dismissed both
Playdom and Disney.  (D.I. 81 at 1; D.I. 17 at 1)

appropriate because it would be more convenient for the parties. (D.I. at 2) Specifically: (1) no party has a place of business in Delaware; (2) Northern California is a more convenient forum for all the parties and for most anticipated third-party witnesses; (3) none of the allegedly infringing acts occurred in Delaware; and (4) none of the relevant documentation is in Delaware. (D.I. 43; D.I. 62 at 6) There is, however, one connection to Delaware – it is the state of incorporation for all U.S. defendants.

3. Plaintiff opposes transfer, asserting that: (1) defendants have not satisfied their burden of demonstrating that this forum is inconvenient and that the balance of interests weigh toward transfer; (2) defendants chose to incorporate in Delaware, thereby volunteering to be subject to this court's jurisdiction; and (3) at least one important non-party witness is within the subpoena power of this court but not the Northern District of California. (D.I. 55)

4. **The parties.** Playfish UK is a corporation existing under the laws of the United Kingdom with its principal place of business in London, England. (D.I. 1 at 2) Playfish US is a Delaware corporation with its principal place of business in San Francisco, California. (*Id.*) EA is a Delaware corporation with its principal place of business in Redwood City, California. (*Id.*) Playfish UK, Playfish US, and EA together produce one accused game, *Pirates Ahoy*. (*Id.* at 4-5)

5. Zynga is a Delaware corporation with its principal place of business in San Francisco, California. (D.I. 1 at 2) RockYou is a Delaware corporation with its principal place of business in Redwood City, California. (*Id.*)

6. Crowdstar is a Delaware corporation with its principal place of business in

2

Mountain View, California.[2] (D.I. 1 at 2) Crowdstar Ireland is a private limited liability company existing under the laws of Ireland with its principal place of business in Dublin, Ireland. (Id.) Several third parties involved in developing, managing, and hosting Crowdstar's Zoo Paradise game are located in the Northern District of California, but none are in Delaware and cannot be compelled to testify in Delaware. (D.I. 43 at 6)

8. Lolapps is a Delaware corporation with its principal place of business in San Francisco, California. (D.I. 1 at 2) Defendants anticipate that several California-based game developers will be witnesses, including Blizzard Entertainment, headquartered in Irvine, California, and Sony Online Entertainment, headquartered in San Diego, California. (D.I. 43 at 6) Defendants also anticipate that one of the named inventors, Scott Bolton of San Mateo, California, will be a witness. (D.I. 61 at 4)

10. Plaintiff is a California limited liability company with its principal place of business in San Francisco, California. (D.I. 1 at 1) Plaintiff has no place of business in Delaware but anticipates that patent prosecutor Matthew W. Stavish, who prosecuted the '050 patent and resides in Bethesda, Maryland, will be a witness. (D.I. 43 at 3; D.I. 55 at 3; D.I. 56 at 1)

11. **Standard of review.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress

---

[2]Crowdstar's answer to the complaint asserts that Crowdstar's principal place of business is Campbell, California. (D.I. 27 at 2) The declaration of Victoria Bourne, however, states that Crowdstar's principal place of business is Burlingame, California. (D.I. 47 at 1) Crowdstar's website also indicates that Crowdstar's offices are located in Burlingame. See http://www.crowdstar.com/careers/ (last visited June 2, 2011).

intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998).

12. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favor the defendants." *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)); *Medicis Pharmaceutical Corp. v. Nycomed U.S. Inc.*, Civ. No., 10-419-SLR, 2011 WL 1230276, at *2 (D. Del. Mar. 31, 2011). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte*, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998); *Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.*, Civ. No., 01-199, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Padcom, Inc. v. NetMotion Wireless, Inc.*, Civ. No., 03-983-SLR, 2004 WL 1192641, at *7 (D. Del. May 24, 2004). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." *In re M.L.-Lee*

4

*Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993).

13. The Third Circuit has indicated that the analysis for transfer is very broad.

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (1995). Although emphasizing that

"there is no definitive formula or list of factors to consider," *Id.*, the Third Circuit has

identified potential factors it characterized as either private or public interests. The

private interests include:

(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trail in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). The public interests include:

(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* (citations omitted).

14. **Analysis.** Defendants argue that, as Northern California is "a national hub

for development of online multiplayer computer games," the Northern District of

California is the more convenient and appropriate venue for this suit. (D.I. 43 at 5)

Northern California is the principal place of business not only for all U.S. defendants,

but also for plaintiff. (*Id.* at 3) Additionally, all of the research, development, sales, and

marketing that defendants conduct in the U.S. for their accused games occur in

Northern California. (*Id.* at 4) As discussed *supra*, most documents and witnesses are

5

located in or near the Northern District of California. (*Id.* at 5-6) Defendants also argue that, as Delaware is not plaintiff's "home," this court should afford plaintiff's choice of forum less weight. (*Id.* at 13) Lastly, defendants stress that the Northern District of California uses specialized Patent Local Rules for patent cases and has more judges than this district, implying that the Northern District of California is more efficient. (*Id.* at 14)

16. Notwithstanding defendants' contentions, the court reiterates, consistent with its usual mantra, that because all U.S. defendants are Delaware corporations, they have no reason to complain about being sued in Delaware. U.S. defendants chose to incorporate in Delaware and, in order to enjoy the benefits of Delaware law, they must also bear the burden of being eligible to be haled to Delaware for lawsuits.

15. Neither is the court persuaded by defendants' arguments regarding convenience. With respect to discovery, documents generally are stored, transferred and reviewed electronically. It would be surprising to the court to find that sophisticated litigants, such as those at bar, still maintain their business records in hard copy, thus requiring either travel to California for review of the documents or the copying and transporting of documents. With respect to witnesses, generally the parties agree to take depositions where the witnesses are located (or the court can so order). Moreover, for those cases that get to trial, only a handful of witnesses testify live, and only a very small proportion of those documents produced during discovery are used as trial exhibits. Given these realities, this factor is outdated, irrelevant, and should be given little weight, if any, except for those rare exceptions where truly regional defendants are litigating. Here, defendants are not regional companies and do not

6

Case 1:10-cv-00902-SLR   Document 91   Filed 06/08/11   Page 7 of 7 PageID #: 469

claim that litigating in Delaware would present a physical burden.[3]  (D.I. 55 at 6)

16.  With respect to defendants' arguments regarding the relative efficiency of
the two courts, it is true that this court's docket reflects the fact that patent cases,
perhaps more often than in other districts, are given a trial date and tried to resolution.
Nevertheless, it is the rare request from counsel for earlier trial dates than those
provided by the court and even rarer when such requests are not accommodated by the
court to an extent.  The court also notes the irony that many members of the bar argue
both sides of this argument from case to case, making it even more of a non-issue from
the court's perspective.

17.  Finally, the court weighs California and Delaware's respective public interest
in deciding this dispute as evenly balanced between the two states.  Even if the parties
may be considered to be California residents, all U.S. defendants are corporate citizens
of Delaware and, accordingly, are subject to suit in Delaware.[4]  (D.I. 55 at 10)

18.  **Conclusion**.  Given that all parties are incorporated in Delaware and
because defendants have not submitted any compelling reasons calling for transfer,
defendants' motion is denied.

United States District Judge

---

[3]Foreign defendants, being located in Western Europe, are in fact closer to this
district than to the Northern District of California and, therefore, Delaware is not an
inconvenient forum based on any reasonable criteria.

[4]The court further notes that plaintiff is also involved in Civ. No. 10-1052-SLR, a
related case before this court concerning the same patent.

7